# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

BUDDY BULLOCK,

    Petitioner,

vs.

WANZA JACKSON, WARDEN,

    Respondent.

Civil Action No. 1:07-cv-392

Dlott, J.
Hogan, M.J.

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner, brings this case *pro se* seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on petitioner's motion for leave to stay the proceedings and hold in abeyance (Doc. 5), to which respondent has not responded.

On May 18, 2007, petitioner filed a petition for a writ of habeas corpus raising the following grounds for relief:

> **GROUND ONE:** THE VERDICT SHOULD BE REVERSED BECAUSE THE TRIAL COURT FAILED TO GIVE APPELLANT A CONTINUANCE TO SECURE NEW COUNSEL.
>
> **Supporting FACTS:** Because she made me sign a piece of paper that said if I didn't take a plea bargain that she wasn't responsible for the time that I would get. Therefore I knew that she wasn't going to fight the case for me.
>
> **GROUND TWO:** THE VERDICT SHOULD BE REVERSED BECAUSE APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.
>
> **Supporting FACTS:** (1) Because she never filed a motion to suppress (2) she never brought up my co-defendant's felony conviction for cultivating marijuana on 8-23-2000 at the very same address.
>
> **GROUND THREE:** THE VERDICT SHOULD BE REVERSED BECAUSE THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR A NEW TRIAL.

>   **Supporting FACTS:** My attorney Helene Koligian didn't file a motion for a new trial in a timely manner.
>
>   **GROUND FOUR:** THE VERDICT SHOULD BE REVERSED BECAUSE IT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
>
>   **Supporting FACTS:** Both State witness's lied on the stand. In court Billy Sargent was asked if he had any felony conviction in the past ten years – His answer was NO – On 8-24-2000 case no. 2000 CR B04198 he was found guilty for cultivating marijuana at the very same residence.

(Doc. 1).

Petitioner's instant motion seeks an order staying any ruling on his habeas corpus petition "until such time as would allow petitioner to return to the Ohio Court of Appeals and exhaust his state court remedies pursuant to Appellate Rule 26(B), which allows for the re-opening of a direct appeal to present a claim of ineffective assistance of appellate counsel." (Doc. 5 at 1-2). Petitioner asserts that "an avenue of state court relief is available to him pursuant to Ohio Appellate Rule 26(B) which allows for the re-opening of the direct appeal to raise a claim of ineffective assistance of appellate counsel in regards to the second ground for relief." (Doc. 5 at 2).

Ground Two of the petition asserts a claim of ineffective assistance of *trial* counsel. The claim upon which he now seeks a stay involves a new claim of ineffective assistance of *appellate* counsel not raised in the instant habeas petition. Petitioner is essentially asking the Court to stay his current habeas petition to allow exhaustion of another discrete claim in the state court system, which would then be added to an amended or second petition.

In *Rhines v. Weber,* 544 U.S. 269 (2005), the Supreme Court held that district courts have discretion, in limited circumstances, to hold mixed petitions in abeyance, rather than dismissing

2

them. The Supreme Court stated that a district court's discretion to issue stays in habeas cases is circumscribed to the extent it must "be compatible with AEDPA's purposes." 544 U.S. at 276. The Court pointed out that one of the AEDPA's purposes is to "reduce delays in the execution of state and federal criminal sentences" based on the "well-recognized interest in the finality of state judgments." *Id.* (quoting *Woodford v. Garceau,* 538 U.S. 202, 206 (2003), and *Duncan v. Walker*, 533 U.S. 167, 179 (2001)). In addition, the AEDPA's statute of limitations tolling provision was intended to "reinforce[] the importance of *Lundy*'s "simple and clear instruction to potential litigants: before you bring any claims in federal court, be sure that you first have taken each one to state court." *Id.* at 276-77 (quoting *Rose v. Lundy,* 455 U.S. 509, 520 (1982)).

The Supreme Court in *Rhines* held that stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," and that, "even if a petitioner had good cause for that failure," it would be an abuse of discretion for the court to grant a stay where the unexhausted claims "are plainly meritless" or the "petitioner engages in abusive litigation tactics or intentional delay." *Id.* at 277. "On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

In this case, all of the claims currently identified in the petition have been exhausted. However, part 2 of Ground Two (that trial counsel was ineffective for failing to present evidence of a witness's prior conviction) was not argued on direct appeal to the Ohio Court of Appeals and has therefore been procedurally defaulted. It appears that petitioner is attempting to obtain

3

review of this claim despite the procedural default by asserting the ineffective assistance of appellate counsel as "cause" for the defaulted claim. However, petitioner did not raise an ineffective assistance of appellate counsel claim in his habeas petition or in state court proceedings and, therefore, that claim is unexhausted. *Edwards v. Carpenter*, 529 U.S. 446, 551-52 (2000). Petitioner does not seek a stay so that he may exhaust an unexhausted claim contained in the petition. Rather, he seeks a stay so that he may exhaust a new claim in order to avoid the procedural bar to his exhausted claim.

This is not a "mixed petition" case involving exhausted and unexhausted claims. *See generally Rhines*, 544 U.S. at 271. The Court is not required to dismiss or stay "a petition containing only exhausted claims because the petitioner attempts to raise additional but unexhausted claims during the course of the habeas corpus proceedings." *Jones v. Parke*, 734 F.2d 1142, 1145 (6th Cir. 1984). Because this is not a "mixed petition" case, the stay-and-abeyance procedure is inappropriate.

Even if the stay-and-abeyance procedure were applicable, petitioner would not meet the criteria for granting a stay under *Rhines*. Petitioner has not offered any justification for why he did not previously file a Rule 26(B) motion to reopen his direct appeal before filing his habeas petition with this Court. He has made no argument that he had good cause for failing to present his ineffective assistance of appellate counsel claim in state court to this point. Petitioner simply asks for a stay of the proceedings "until such time as would allow petitioner to return to the Ohio Court of Appeals and exhaust his state court remedies pursuant to Appellate Rule 26(B), which allows for the re-opening of a direct appeal to present a claim of ineffective assistance of appellate counsel." (Doc. 5 at 1-2). Thus, he has failed to establish "good cause" for his failure

4

to exhaust his ineffective assistance of appellate counsel claim.

Nor has petitioner argued or shown that his ineffective assistance of appellate counsel claim is potentially meritorious. The Court notes that a motion to re-open under Rule 26(B) must be filed "within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." Ohio App. R. 26(B). The appellate court judgment was rendered on February 13, 2006. (Doc. 3, Exh. 15). To date, almost two years later, there is no indication from petitioner that he has even filed a Rule 26(B) motion in the state court. In addition, because petitioner has not filed a copy of any state court motion to re-open, the Court cannot determine whether petitioner is asserting good cause for any untimely filing beyond the ninety-day deadline.

Petitioner has failed to meet his burden of showing that he is entitled to a stay of this habeas corpus proceeding while he exhausts his state court remedies on his new ineffective assistance of appellate counsel claim. Accordingly, the Court should deny petitioner's motion to stay the petition.[1]

**IT IS THEREFORE RECOMMENDED THAT** petitioner's motion for leave to stay

---

[1]Nothing contained in this Report and Recommendation should be considered as a limitation on petitioner's ability to pursue any state court remedies that may be available to him.

Moreover, this Report and Recommendation, if adopted, does not preclude petitioner from filing a motion to amend his petition to add an ineffective assistance of appellate counsel claim and refiling his motion for stay and abeyance of proceedings. However, if petitioner refiles his motion for a stay of proceedings, petitioner must do so within thirty (30) days of any Order adopting this Report and Recommendation and show, pursuant to *Rhines*, 544 U.S. at 277, that (1) there is good cause for petitioner's failure to exhaust the new claim, (2) that the new claim relates back to the claims originally pled in the petition, *see Mayle v. Felix*, 545 U.S. 644 (2005), and (3) that the new claim is not plainly meritless.

5

the proceedings and hold in abeyance (Doc. 5) be **DENIED**.

Date: 2/7/08

Timothy S. Hogan
United States Magistrate Judge

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BUDDY BULLOCK,
    Petitioner,

vs.

WANZA JACKSON, WARDEN,
    Respondent

Civil Action No. 1:07-cv-392

Dlott, J.
Hogan, M.J.

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled habeas corpus action brought under 28 U.S.C. § 2254. Any party may object to the Magistrate Judge's Report and Recommendation within **TEN (10) DAYS** of the filing date of this R&R. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s) Any response by an opposing party to the written objections shall be filed within **TEN (10) DAYS** after the opposing party has been served with the objections. A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

7

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by (Printed Name)    C. Date of Delivery |
| 1. Article Addressed to:<br>Buddy Bullock #475-206<br>Warren Corr. Institute<br>PO Box 120<br>Lebanon, OH 45036 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☑ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number (Transfer from service label) | 7007 1490 0001 0562 6615 |

PS Form 3811, August 2001    Domestic Return Receipt    102595-01-M-2509

1:07cv 392 Doc. 6